


---
Case 1:22-cv-02173-SAG   Document 1   Filed 08/26/22   Page 1 of 10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DIVANE PITTMAN<br>c/o Brown, Goldstein & Levy LLP<br>120 E. Baltimore Street, Suite 2500<br>Baltimore, Maryland 21202<br><br>*On her own behalf and on behalf of all other similarly situated,*<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUFFALO WILD WINGS INTERNATIONAL, INC.<br><br>Serve: Resident Agent<br>　　　CSC-Lawyers<br>　　　Incorporating Service Company<br>　　　7 St. Paul Street<br>　　　Baltimore, Maryland 21202,<br><br>　and<br><br>INSPIRE BRANDS, INC.<br>3 Glenlake Parkway, NE<br>Atlanta, Georgia 30328,<br><br>　　　　Defendants. | Federal Case No.<br><br>(Removed from the Circuit Court of Maryland for Montgomery County, State Case No. C-15-CV-22-002594) |

## NOTICE OF REMOVAL

　　　　Defendants Buffalo Wild Wings International, Inc. ("BWW") and Inspire Brands, Inc. ("Inspire") (collectively, the "Defendants") hereby remove this action, Case No. C-15-CV-22-002594, from the Circuit Court of Maryland for Montgomery County to the United States District Court for the District of Maryland under 28 U.S.C. § 1441(a).[1] Removal is proper based on the original subject matter jurisdiction of this Court due to diversity of citizenship under 28

---

[1] 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant."

1

U.S.C. § 1332(a). Venue is proper under 28 U.S.C. § 1441(a) because the Circuit Court of Maryland for Montgomery County, where the case was filed, is coextensive with this District. This Notice of Removal complies with 28 U.S.C. § 1446.

## I.     THE STATE COURT ACTION

On July 12, 2022, Plaintiff Divane Pittman ("Plaintiff") filed a civil complaint ("Complaint") against Defendants in the Circuit Court of Maryland for Montgomery County (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), the Complaint and all other process, pleadings, and orders filed in the State Court Action are attached as **Exhibit A**.

Plaintiff's Complaint principally alleges Defendants deceptively represented their menu prices offered to consumers on takeout orders because Defendants charge a $0.99 "Takeout Service Fee." Compl. ¶¶7-8. Plaintiff asserts claims under Maryland's Consumer Protection Act and for breach of contract. *Id.* ¶¶37-50. Plaintiff brings her claims on behalf of herself and proposed classes of Maryland and Nationwide consumers who made a takeout purchase at a BWW restaurant and were charged a Takeout Service Fee. *See id.* ¶¶29-30.

## II.    REMOVAL TO THIS COURT IS TIMELY

An action may be removed from state court by filing a notice of removal—together with a copy of all process, pleadings, and orders served on Defendants—within thirty days of Defendants receiving service of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint). Plaintiff served her Complaint on BWW on July 28, 2022, and on Inspire on August 8, 2022. *See* **Exhibit A.** Removal of this action is timely because this Notice of Removal was filed on August 26, 2022, within thirty days from July 28, 2022. *See* 28 U.S.C. § 1446(b).

### III.    <u>VENUE IS PROPER</u>

This case is properly removed to this District because the Circuit Court of Maryland for Montgomery County, where Plaintiff commenced this action, is located within the District of Maryland. *See* 28 U.S.C. § 100(2); *see generally* 28 U.S.C. §§ 1441(a), 1446(a).

### IV.    <u>THIS COURT HAS DIVERSITY JURISDICTION</u>[2]

This Court has original jurisdiction over every civil action (1) between "citizens of different States" where (2) the amount "in controversy exceeds the sum or value of $75,000." Both of these requirements are satisfied in this action. 28 U.S.C. § 1332(a).

#### A.    The Parties Are Completely Diverse.

Complete diversity requires the citizenship of *every* plaintiff must be different from the citizenship of *every* defendant. *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). A party may remove an action on the basis of diversity of citizenship if the action is between "citizens of different States." *Id.* For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Axel Johnson, Inc. v. Carroll Carolina Oil Co.,* 145 F.3d 660, 663 (4th Cir. 1998). A corporation is a "citizen" of every state by which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c).

Here, the jurisdictional requirement of complete diversity is satisfied because Plaintiff is a citizen of Maryland, BWW is incorporated in Ohio and maintains its principal place of

---

[2] Additionally, this Court also has original jurisdiction over this action pursuant to and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See id.* § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. Here, Plaintiff alleges a Maryland and nationwide class of hundreds of thousands of customers who were charged a Takeout Service Fee. Compl. ¶¶ 20, 29 31. Assuming there were just 200,000 class members, each class member would only need to purchase a total of $25 worth of takeout orders, which is below the average takeout order of $28.37, in order to meet the $5,000,000 threshold, an amount easily satisfied.

business in Georgia, and Inspire is incorporated in Delaware and has its principal place of business in Georgia. Compl. ¶¶1-3; *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (holding that "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants").

### B.   The Amount in Controversy Exceeds $75,000

Pursuant to 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Williams v. Bank of New York Mellon*, No. CIV. CCB-13-680, 2013 WL 2422895, at *2 (D. Md. June 3, 2013). A defendant is only required to provide "evidence establishing the amount . . . when the plaintiff contests, or the court questions, the defendant's allegations." *Owens,* 574 U.S. at 89.

Plaintiff alleges that Defendants misrepresented their menu prices offered to consumers on takeout orders because Defendants charge a $0.99 "Takeout Service Fee." Compl. ¶¶7-8. Plaintiff asserts the following causes of action on behalf of Maryland and Nationwide classes: (1) violation of Maryland's Consumer Protection Act; and (2) breach of contract. *Id.* ¶¶37-50. Plaintiff seeks the following relief: (1) an order enjoining Defendants from continuing the alleged unlawful practices; (2) declaratory relief; (3) an order requiring Defendants disgorge and make restitution of all monies it acquired by means of unlawful practices set forth above; (4) compensatory damages; and (5) attorneys' fees.[3] *Id.* at 16. However, Plaintiff's Complaint does

---

[3] Ms. Pittman also seeks "punitive damages according to proof" but punitive damages are not available under her consumer protection or breach of contract claims. *See KVC Waffles Ltd. v. New Carbon Co., LLC,* No. CV GLR-20-195, 2020 WL 6204303, at *6 (D. Md. Oct. 22, 2020) ("The Court concludes that punitive damages are generally not available in an action for breach of contract under Maryland law."); *Frazier v. Castle Ford, Ltd*., 430 Md. 144, 161 n.20 (Md. 2013) ("Punitive damages are not available in a private cause of action under the Consumer Protection Act.").

not allege a specific amount in damages. *See, e.g., id.* (Plaintiff requests compensatory and punitive damages "according to proof"). For removal purposes, Defendants therefore only need to establish by a preponderance of the evidence the amount in controversy exceeds the jurisdictional minimum.

The Court, in determining the amount in controversy, may consider each category of relief plead by Plaintiff.[4] Further, the Court may aggregate these categories of damages in making its determination. *See, e.g., Betskoff v. Enter. Rent A Car Co. of Baltimore, LLC,* No. CIV.A. ELH-11-2333, 2012 WL 32575, at *10 (D. Md. Jan. 4, 2012) (holding "punitive damages may be aggregated with other damages to satisfy the amount-in-controversy requirement."); *Baltimore-Washington Telephone Company v. Hot Leads Co.*, 584 F. Supp. 2d 736, 742 (D. Md. 2008) (in evaluating the amount in controversy, the court considered the plaintiff's claims for compensatory damages and injunctive relief). These categories of relief, taken together, easily satisfy the requirement that the amount in controversy exceeds $75,000.[5]

i. Cost of Injunctive and Declaratory Relief

The test for determining the amount in controversy in a diversity proceeding is "the pecuniary result to either party which a judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002). In actions seeking injunctive or declaratory relief, the "amount in controversy is measured by the value of the object of the litigation." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013). This Court applies the "either-viewpoint" rule in determining

---

[4] *See JTH Tax, Inc. v. Frashier,* 624 F.3d 635, 639 (4th Cir. 2010) ("[R]equests for injunctive relief must be valued in determining whether the plaintiff has alleged a sufficient amount in controversy."); *Baron v. Directv*, LLC, No. JKB-16-3145, 2016 WL 6078263, at *1 (D. Md. Oct. 17, 2016) ("In calculating the amount in controversy, both actual and punitive damages are considered."); *Gonzalez v. Fairgale Properties Company*, 241 F. Supp. 2d 512, 517 (D. Md. 2002) ("When a plaintiff seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation.") (internal quotations omitted).

[5] In the event of a dispute over removal, Defendants reserve the right to submit evidence establishing the amount in controversy exceeds the jurisdictional threshold. *See Owens,* 574 U.S. at 89 ("Evidence establishing the amount [in controversy] is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation.").

5

the value of the object of the litigation. *Gonzalez,* 241 F. Supp. 2d at 517. Under that rule, "the amount-in-controversy requirement is satisfied if either the gain to the plaintiff or the cost to the defendant is greater than $75,000." *Id.*

Here, Plaintiff seeks an "order enjoining Defendants from continuing the unlawful practices" and "declaratory relief" as set forth in her Complaint. *Id.* at 16. Plaintiff alleges Defendants' "menu price representations are false, as the listed prices are not the true cost of the food." *Id.* ¶10. Plaintiff seeks "injunctive relief that fairly allows consumers to decide whether they will pay [Defendants'] takeout food prices." *Id.* ¶23. Defendants operate or franchise over nearly 1,200 restaurants throughout the United States. The Court granting Plaintiff's requested relief would require Defendants edit their menu prices or add language to the menus further disclosing the Takeout Service Fee at these 1,200 locations. Defendants' cost to edit their menus would exceed the jurisdictional threshold if they spent just $62.50 per location, an amount that Defendants very likely would far exceed.

ii. Restitution and Disgorgement Damages

Restitution and disgorgement damages are included in determining the amount in controversy. *See In re Microsoft Corp. Antitrust Litig.*, 332 F. Supp. 2d 890, 895 (D. Md. 2004) (holding "diversity jurisdiction was appropriate where plaintiffs claimed disgorgement in addition to their claims for damages"). Here, Plaintiff seeks "an order requiring Defendants to disgorge and make restitution of all monies it acquired by means of the unlawful practices." Compl. at 16. Defendants implemented the $0.99 Takeout Service Fee on January 13, 2022—over seven months ago. This fee is charged to all takeout orders placed in-store, by phone, or via the website or mobile application. The amount Defendants' acquired via the Takeout Service Fee would exceed the jurisdictional limit if each of its nearly 1,200 restaurants fulfilled 63 takeout orders since January 13, 2022. Several of Defendants' locations fulfill more than 63 takeout orders in a just one week, let alone 8 months. Accordingly, the amount of restitution or disgorgement damages exceeds the jurisdictional threshold alone.

6

iii.   Attorneys' Fees

Attorney's fees are included in determining the amount in controversy where they are "provided for by statute or contract." *Mary L. Martin, Ltd. v. State Auto Prop. & Cas. Ins. Co.*, No. CIV.A. 13-01089, 2013 WL 2181206, at *6 (D. Md. May 17, 2013). The Maryland Consumer Protection Act ("MCPA") provides for the recovery of attorneys' fees. *See* Md. Code Ann., Com. Law § 13-408 ("Any person who brings an action to recover for injury or loss under this section and who is awarded damages may also seek, and the court may award, reasonable attorney's fees."); *see also Williams v. Bank of New York Mellon*, No. CIV. CCB-13-680, 2013 WL 2422895, at *2 (D. Md. June 3, 2013) ("Maryland Consumer Protection Act . . . allows for attorneys' fees."). Courts in this circuit rely on "experience and common sense" and "will consider a reasonable estimate of potential attorneys' fees in determining whether the jurisdictional threshold has been met." *Williams*, No. *CIV. CCB-13-680, 2013 WL 2422895, at *3*.

Here, Plaintiff's attorneys' fees are likely to exceed $75,000. Plaintiff's counsel include Andrew D. Freeman and Jeffrey D. Kaliel, among others. Andrew D. Freeman was admitted to the Maryland Bar in 1986. *See* **Exhibit B.** His hourly rate under the Local Rules of the United States District Court for the District of Maryland would be $300-475. Jeffrey D. Kaliel was admitted to the California bar in 2005. *See* **Exhibit C.** His hourly rate under the Local Rules of the United States District Court for the District of Maryland would be $275-425. Assuming, for the sake of argument, Plaintiff's counsels' rates are $400, they only need to spend 93.8 hours each to meet the jurisdictional limit. There is no reasonable possibility that Plaintiff's counsel could litigate this case in less than 187.6 hours. Further, the hourly amount required by Plaintiff's counsel to meet the jurisdictional limit is far lower when considering Plaintiff's compensatory damages, costs of injunctive and declaratory relief, restitution and disgorgement damages, and punitive damages.

7

## V. NON-WAIVER

Defendants, by submitting this Notice of Removal, do not waive any objections or defenses, including but not limited to personal jurisdiction defenses, and do not admit any of the allegations in the Complaint.

## VI. NOTICE OF REMOVAL

Following the filing of this Notice of Removal in the United States District Court for the District of Maryland, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of Maryland for Montgomery County in accordance with 28 U.S.C. § 1446(d).

## VII. CONCLUSION

For the foregoing reasons, this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. sections 1332(a). Defendants therefore respectfully request that the State Court Action be removed to this Court from the Circuit Court of Maryland for Montgomery County, and prays for such other and further relief to which it may be entitled.

Defendants respectfully request the opportunity to present a brief, evidence, and oral argument in support of their position that this case is removable if any question arises as to the propriety of the removal of this action.

Dated: August 26, 2022            Respectfully submitted,

**DLA PIPER LLP (US)**

By: /s/ Ellen E. Dew

Ellen E. Dew (#28830)
ellen.dew@us.dlapiper.com
DLA PIPER LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209-3600
Tel. (410) 580-3000

> Angela C. Agrusa (*pro hac vice* forthcoming)
> angela.agrusa@us.dlapiper.com
> Shannon E. Dudic (*pro hac vice* forthcoming)
> shannon.ducic@us.dlapiper.com
> DLA PIPER LLP (US)
> 2000 Avenue of the Stars
> Suite 400 North Tower
> Los Angeles, CA  90067-4704
> Tel.  (310) 595-3000
>
> *Counsel for Defendants Buffalo Wild Wings International, Inc. and Inspire Brands, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of August, 2022, the foregoing pleading was served by CM/ECF on:

Andrew D. Freeman
Neel Kishin Lalchandani
Lauren Kelleher
Brown, Goldstein & Levy
120 E. Baltimore Street, Suite 2500
Baltimore, MD 21202

                                    /s/ Ellen E. Dew
                                    Ellen E. Dew
                                    ellen.dew@us.dlapiper.com
                                    DLA PIPER LLP (US)
                                    The Marbury Building
                                    6225 Smith Avenue
                                    Baltimore, MD 21209-3600
                                    Tel. (410) 580-3000